## YULE v. PLATT.

(Supreme Court, Appellate Term. March 5, 1909.)

1. CONTRACTS (§ 303*)—PERFORMANCE—DEFECTS—EXCUSES—ACTS OF THIRD PERSONS.

Where, by the terms of his plumbing contract, plaintiff was in charge of his work and materials, he was obliged to replace articles installed and stolen before the contract was completed, before he could obtain his final certificate from the architect superintending the work.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1409; Dec. Dig. § 303.*]

2. CONTRACTS (§ 350*)—ACTIONS—SUFFICIENCY OF EVIDENCE.

In an action by a plumbing contractor for the cost of articles installed in defendant's building in place of those stolen before the contract was completed, evidence *held* insufficient to show a promise by defendant to pay for the replaced articles.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1820; Dec. Dig. § 350.*]

Gildersleeve, P. J., dissenting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by John Yule against Samuel Platt. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Maurice Thorner, for appellant.

Quackenbush & Adams, for respondent.

DAYTON, J. Plaintiff had a written contract with defendant to furnish and complete the plumbing required in the erection of an apartment house under the superintendence of Cleverdon & Putzel, architects. The drawings, plans, and specifications were parts of the contract. Among the articles to be supplied were 81 wash tray bibbs. After being installed by plaintiff, these were stolen. He refused to replace them without pay, and, claiming that they were replaced upon defendant's promise to pay, he sues to recover the cost, $60.75. He also claimed $21.25 for furnishing three washtubs not included in his contract. The defense is that the defendant is not responsible for loss of the wash tray bibbs, that the washtubs were included in plaintiff's contract, and that all the work done by plaintiff was embraced in the final certificate issued by the architects, dated March 3, 1908, $2,700 cash, and $500 note, and plaintiff's receipt therefor, "final payment as per contract of August 2, 1907."

In January, 1908, the loss or theft of these "bibbs" was discovered. Plaintiff says he told the defendant he would not replace them unless he paid for them, "and he told me to go ahead and put them in." He presented no bill to the architects therefor, as extra work or otherwise, because defendant said he would pay for them. He accepted the final certificate two months later. An employé of plaintiff testified that he heard defendant say as to the missing bibbs, "Go ahead and replace them," after plaintiff had said he would not do so without pay. Defendant testified that, when plaintiff informed him that the bibbs were stolen, he (defendant) said:

"That has nothing to do with me whatever; and I told him the same thing a number of times—that we want him to go ahead, as we want him to finish the job. I did not promise to pay him."

Mr. Cleverdon testified that plaintiff asked for an order for the bibbs, to which Mr. Cleverdon replied that they must be replaced without additional compensation, and that the plaintiff must go on with the work.

At the time these "bibbs" were stolen, plaintiff had not completed his contract, by the terms of which he was in charge of his work and materials, and therefore was obliged to replace them before he could obtain his final certificate. In the circumstances plaintiff has failed to show by a preponderance of evidence any promise of defendant to pay for the replaced "bibbs." As to the wash trays, the plans and

specifications call for five, thus including the three for which claim is made.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event.

MacLEAN, J., concurs.

GILDERSLEEVE, P. J. (dissenting). It seems to me that the case turns upon a question of fact, viz.: Did defendant, after the wash tray bibbs had been stolen, promise to pay plaintiff for replacing them, upon the plaintiff's refusal to replace them unless paid therefor? The court below decided this question in favor of plaintiff, and I do not think we should interfere with this finding.

The judgment should be affirmed, with costs.